UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **KATHERINE J. HARRIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:06-cv-463-CDP |
| ) | |
| **R. JAMES NICHOLSON, Secretary,** ) | |
| **Department of Veterans' Affairs,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Katherine J. Harris for leave to commence this action without payment of the required filing fee pursuant to 28 U.S.C. § 1915(a)(1). Upon review of plaintiff's financial affidavit, the Court will deny her leave to proceed in forma pauperis.

**Financial Affidavit**

In plaintiff's financial affidavit, she states that (1) she is employed by the Veterans' Administration and earns a monthly income of $2,200.00 to $2,600.00; (2) she is separated or divorced; (3) in the past 12 months, she has received no "other income"; (4) she currently has no cash on hand or money in a savings or checking account; (5) as property she lists: a home valued at $150,000.00 and a motor vehicle valued at $3,500.00; (6) she lists two dependents and indicates that she helps to support two disabled brothers; (7) her debts consist of a mortgage ($1,000.00 per month/$104,000.00 total debt); a motor vehicle note ($420.00 per month/$8,000.00 total debt), a student loan ($124.00 per month/$16,000.00 total debt); credit card debt ($50.00 to $100.00 per month/$312.84 total debt); and utilities expenditures ($455.00 per month).

**Discussion**

Title 28 U.S.C. § 1915(a)(1) provides, in pertinent part, that "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without payment of fees or security therefor, by a person who makes affidavit . . . that the person is unable to pay such fees or give security therefor."

This statutory provision guarantees that no citizen shall be denied access to the federal courts "solely because . . . poverty makes it impossible . . . to pay or secure the costs" of litigation. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948). The decision to grant or deny in forma pauperis status is within the discretion of the district court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).

Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially able to pay the filing fee of Two Hundred and Fifty Dollars ($250.00). *See* 28 U.S.C. § 1914(a).

Therefore,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [# 1] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this order to pay the $250.00 filing fee.[1]

**IT IS FURTHER ORDERED** that, if plaintiff fails to pay the filing fee within thirty (30) days, the Court will dismiss this action, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [#4] is **DENIED**.

Dated this 21st day of March, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that if plaintiff pays the filing fee, she will be responsible for serving the summons and the complaint upon the defendant, *see* Fed. R. Civ. P. 4(c), or requesting the defendant to waive service of summons. *See* Fed. R. Civ. P. 4(d). Plaintiff is advised that she may seek guidance on serving the defendant from the Office of the Clerk.